UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BINAFROU SIMPARA,

            Plaintiff,

-against-

NY DA (DISTRICT ATTORNEY);
BROOKLYN NORTH NYPD; JACOBI
MEDICAL CENTER (BRONX, NY); MOUNT
SINAI (NYC); MONTEFIORE HOSPITAL,

            Defendants.

24-CV-8095 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. His claims arise from several different events, spanning 30 years. He names as defendants an unidentified New York District Attorney, the Brooklyn North precinct of the New York City Police Department ("NYPD"); Jacobi Medical Center ("Jacobi"), which is part of the New York City Health + Hospitals ("H+H"); Mount Sinai, a private health system in New York City; and Montefiore Hospital in the Bronx, which also is private. By order dated October 31, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint with limited leave to replead in 30 days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[1] From 1995 through 1998, "[t]he police had threatened [Plaintiff] into being an informant and placed in a gang." (ECF 1, at 5.) "They promised protection and money for the information I provided to them, but I did not receive what was promised. As a result I got shot [in 1996] . . . and they continued to threaten me to be an informant for them." (*Id.*)

In 2021, after Plaintiff visited Mount Sinai Hospital, "I developed a bed sore in the hospital and was discharged before it was safe." (*Id.*)

On an unspecified date, Plaintiff "went to Jacobi hospital and I got bit up by the hospital staff. I told the hospital administer and they did not do anything. They tried to cover up the harm that happened to me." (*Id.* at 7.)

"The MTA refuse to pick me up at the bus station." Plaintiff indicates that he is "a disabled person on a wheelchair and MTA is using discrimination against me." (*Id.*) Plaintiff would like "to file a complaint against access VR." (*Id.* at 6.)

"Citizenship did not want to help me apply for my citizenship. I tried going in person and nobody wanted to help me. I feel that they are discriminating against help." (*Id.* at 7.) Plaintiff asked the Mayor's Office for "help with my citizenship and I was denied help." (*Id.*)

For his injuries, Plaintiff indicates that he "got bit up by the police, and got shot by a gang. I am paralyzed from waist down due to the gun violence. I got my neck broken by the cops." (*Id.* at 6.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

## DISCUSSION

The Court construes the complaint as asserting claims under 42 U.S.C. § 1983 because Plaintiff names several state actors. As set forth below, the Court (1) construes the claims against Brooklyn North as brought against the City of New York, and dismisses those claims as time-barred, without prejudice to Plaintiff's pursuing those claims in the proper venue; (2) dismisses the claims against Jacobi for failure to state a claim; (3) construes the claims brought against Jacobi as brought against H+H and dismisses those claims, with 30 days' leave to replead; (4) dismisses the claims against Mount Sinai and Montefiore Hospital for failure to state a claim; (5) dismisses the claims against NY DA (District Attorney) under the doctrine of prosecutorial immunity; and (6) declines to grant Plaintiff leave to amend to bring claims against the Metropolitan Transportation Authority ("MTA"), the New York City Mayor's Office, Access VR, or any immigration authorities or individuals who interacted with Plaintiff regarding his immigration status.

A.     **Claims arising from 1995-1998 in Brooklyn, New York**

Plaintiff asserts claims against Brooklyn North, an NYPD precinct, concerning events that took place from 1995 through 1998. For the purposes of this order, the Court construes these claims as brought against the City of New York because an agency of the City of New York, such as the NYPD, is not an entity that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court dismisses these claims, however, because they are barred under the statute of limitations.

4

1.       **Statute of Limitations**

The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff indicates that he was shot in 1996, and his activities with the police ended in 1998. The statute of limitations for a claim against the City of New York therefore expired some time in 2001. As Plaintiff filed his complaint in 2024, these claims are time-barred and subject to dismissal for failure to state a claim.

2.       **Notice and Opportunity**

Generally, before a court dismisses a complaint, where the claims are time-barred, the court must provide the plaintiff notice of the dismissal and an opportunity to address the timeliness of his claims. *See Walters v. Indus. & Comm. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action sua sponte on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (concluding that district court should grant notice and opportunity to be heard before dismissing complaint sua sponte on statute of limitations grounds).

In this case, the Court declines to grant Plaintiff leave to replead his claims in an amended complaint because the claims arose in Brooklyn, Kings County. As Kings County is not located in this District, but rather, is in the Eastern District of New York, *see* 28 U.S.C. § 112,

5

this Court is likely not the proper venue for litigation of these claims. Accordingly, the Court dismisses any Section 1983 claims Plaintiff may be asserting, arising from conduct that occurred from the period commencing in 1995 through 1998, for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to his filing a new civil action regarding these events in the proper forum. Should Plaintiff wish to pursue these claims, he will need to show that the doctrine of equitable tolling applies to his claims and that the statute of limitations should be tolled from 2001 to 2024 because of compelling reasons.[2]

**B.     Claims brought against Jacobi Medical Center**

Plaintiff cannot pursue claims against Jacobi. "It is well established that a hospital is not a 'person' [for the purposes of] Section 1983" liability. *Mejía v. Davis*, No. 16-CV-9706 (LJL), 2018 WL 333829, at *4 (S.D.N.Y. Jan. 8, 2018) (collecting cases); *Kearse v. Lincoln Hosp.*, No. 07-CV-4730 (PAC) (JCF), 2009 WL 1706554, at *2 (S.D.N.Y. June 17, 2009) (hospital not a "person" within meaning of Section 1983). The Court therefore dismisses Plaintiff's claims brought against Jacobi for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court construes the claims brought against Jacobi as brought against H+H, which, as noted above, operates Jacobi. H+H, a public benefit municipal corporation created by New York State law, can be sued under Section 1983. *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1); *see also Mejia v. New York City Health & Hosp Corp.*,

---

[2] "Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (citation omitted). Under these doctrines, "'[d]ue diligence on the part of the plaintiff in bringing [an] action,' . . . is an essential element of equitable relief." *Id.* (citation omitted). If a plaintiff cannot "articulate[ ] any acts by defendants that prevented [him] from timely commencing suit" then he has "failed to meet [his] burden of showing that [he was] wrongfully induced by defendants not to commence suit." *Id.* (citations omitted, alterations in original).

No. 16-CV-9706 (GHW), 2018 WL 3442977, at *5 (S.D.N.Y. July 17, 2018) ("As a municipal corporation, [H+H] and its employees are state actors for purposes of Section 1983.").

### C. Claims brought against New York City Health + Hospitals

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

If there is no underlying constitutional violation, a court need not examine whether the municipality or other local government entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Plaintiff's allegation that he "got bit up by the hospital staff" (ECF 1, at 7) does not state a claim against H+H because he does not describe conduct that would suggest a violation of his constitutional rights on the part of any individual employed by H+H. Because he does not state facts suggesting a violation of his constitutional rights, he cannot state a claim that H+H implemented a policy, custom, or practice that caused him to suffer a constitutional harm. The Court therefore dismisses the claims against H+H for failure to state a claim, *see* 28 U.S.C.

§ 1983, without prejudice to Plaintiff's asserting claims in an amended complaint against H+H hospital staff and/or H+H, should he wish to pursue claims regarding the events that occurred at Jacobi.

### D. Claims against Mount Sinai and Montefiore Hospital

Plaintiff's Section 1983 claims against Mount Sinai and Montefiore Hospital must be dismissed because these defendants are private entities.

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendant Mount Sinai and Montefiore Hospital are private entities and cannot be held liable under Section 1983. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (finding that a private hospital and its staff are not state actors under Section 1983 when they involuntarily commit a plaintiff to a psychiatric hospital under New York's Mental Hygiene Law); *see, e.g.*, *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (summary order) (noting that private institutions, such as hospitals, generally do not act under color of state law); *Johnson v. City of New York*, No. 20-CV-3083 (GBD) (BCM), 2021 WL 4896477, at *9 (S.D.N.Y. Aug. 23, 2021) ("Although private hospitals are regulated by the state and required to obey state laws, they 'are generally not proper § 1983 defendants because they do not act under color of state law.'" (citation omitted)), *report & recommendation adopted*, 2021 WL 4479384 (S.D.N.Y. Sept. 30, 2021). The Court therefore dismisses the Section 1983 claims against these two private defendants for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.  New York District Attorney

Plaintiff names a district attorney from the State of New York but does not identify the district attorney's office or provide any other identifying information regarding this defendant. He also does not plead any facts describing an incident involving a district attorney. Assuming Plaintiff is suing an individual who participated in the prosecution of Plaintiff, such an individual would be immune for acts committed within the scope of her official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, this prosecuting defendant would be absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Accordingly, the Court dismisses Plaintiff's claims against "New York (District Attorney)" because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## F. Claims involving the Metropolitan Transit Authority, the New York City Mayor's Office, Access VR, and immigration officials

Plaintiff states facts involving the MTA, the New York City Mayor's Office, and Access VR concerning his ability to receive accommodation when traveling throughout New York City in a wheelchair. He also states facts in support of a claim regarding his immigration status. All these claims, however, are not related to each other or to the claims the Court has granted Plaintiff leave to amend. Because these claims are not related, the Court declines to grant Plaintiff leave to name defendants allegedly involved in violating his rights with respect to his transportation and his immigration status because such claims would be improperly joined.

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted, alteration in original)). Here, the Court has granted Plaintiff leave to amend his complaint to state facts regarding alleged incidents that occurred at Jacobi. Because his transportation and immigration claims are not related to his Jacobi claims, the Court declines to provide Plaintiff leave to amend the transportation and immigration claims in this action. Should Plaintiff want to pursue these claims, he may file new civil actions.

## G. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court concludes that it would not be futile to permit Plaintiff to amend his complaint to state facts in support of a claim arising from the alleged events that occurred at Jacobi. Should Plaintiff wish to pursue such claims, he may submit an amended pleading naming as defendants H+H and any H+H staff who he claims violated his constitutional rights. The Court grants Plaintiff 30 days' leave to amend his complaint to detail such claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court dismisses the Brooklyn North claims, construed as brought against the City of New York, without prejudice to his pursuing those claims in the proper venue. The Court dismisses the claims against Jacobi Medical Center for failure to state a claim. The Court also construes these claims as brought against H+H, with 30 days' leave to file an amended complaint.

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: August 20, 2025
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge